

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-23-00233-CR

---

Ex Parte Alvaro Orduna-Arellano, Appellant

---

On Appeal from the County Court
Kinney County, Texas
Trial Court No. 12576CR

---

## MEMORANDUM OPINION

This matter comes before us on remand from the Texas Court of Criminal Appeals to determine whether Appellant Alvaro Orduna-Arellano, who sought a pretrial writ of habeas corpus based on his claim that he was the subject of selective prosecution, made a *prima facie* showing that he was unlawfully arrested and prosecuted for criminal trespass because of his gender. We conclude that he did not, and we therefore affirm the trial court's order denying his pretrial application for a writ of habeas corpus.

## I. BACKGROUND

Orduna-Arellano, a noncitizen, was arrested for allegedly trespassing on private property in Kinney County, Texas in December 2021 as part of the State's Operation Lonestar (OLS) policy

to address the influx of illegal border crossings from Mexico to Texas.[1] He filed a pretrial application for a writ of habeas corpus in the county court, arguing the State was selectively prosecuting him in violation of his equal protection rights because the State was only arresting male noncitizens for alleged trespassing in a five-county area near the border during the same timeframe pursuant to the OLS policy. The county court denied relief, and Orduna-Arellano appealed to the Fourth Court of Appeals. The appeal was transferred to this Court pursuant to a Texas Supreme Court docket equalization order.[2]

This Court reversed the county court's judgment and remanded the matter to the county court with instructions to grant Orduna-Arellano's habeas petition and dismiss his case, relying on the Fourth Court of Appeals' opinion in *Ex parte Aparicio*.[3] In *Aparicio*, the Fourth Court of Appeals held that Aparicio, another male noncitizen who was arrested for allegedly trespassing pursuant to the OLS policy, was the subject of selective prosecution and was therefore entitled to habeas relief.[4] We concluded that because Orduna-Arellano relied on substantially the same evidence and the same arguments in bringing his selective prosecution claim, he was also entitled to habeas relief in accordance with the court's opinion in *Aparicio*.[5]

The State filed a petition for discretionary review of our decision with the Court of Criminal Appeals, contending Orduna-Arellano's claim was not cognizable in a pretrial writ of habeas corpus proceeding without addressing the merits of Orduna-Arellano's gender discrimination

---

[1] *See* Tex. Penal Code Ann. § 30.05(a).

[2] *See* Tex. R. App. P. 41.3 (requiring a transferee court to apply the precedent of the transferor court).

[3] *See Ex parte Orduna-Arellano*, No. 08-23-00233-CR, 2024 WL 150237, *5–7 (Tex. App.—El Paso Jan. 12, 2024), *petition for discretionary review granted, judgment vacated sub nom. Ex parte Ramos-Morales*, No. PD-0411-24, 2024 WL 5074598 (Tex. Crim. App. Dec. 11, 2024) (not designated for publication) (citing *Ex parte Aparicio*, 672 S.W.3d 696, 701 (Tex. App.—San Antonio 2023) *rev'd*, 707 S.W.3d 189 (Tex. Crim. App. 2024), *cert. denied sub nom. Aparicio v. Texas*, No. 24-6057, 2025 WL 1787753 (U.S. June 30, 2025)).

[4] *Ex parte Aparicio*, 672 S.W.3d at 701.

[5] *Ex parte Orduna-Arellano,* 2024 WL 150237 at *5–7.

claim. While the State's petition was pending in Orduna-Arellano's case, the Court of Criminal Appeals reversed the Fourth Court of Appeals' decision in *Aparicio*, holding that, although Aparicio's claim was cognizable in a pretrial habeas petition, he did not meet his burden of establishing a *prima facie* case that he was unlawfully arrested and prosecuted because of his gender, and he was therefore not entitled to habeas relief.[6] Specifically, it held that Aparicio failed to present clear evidence to establish that the OLS policy of arresting only men for criminal trespass at the border was motivated by a discriminatory purpose.[7] Instead, the high court held, the State's motivation was one of practical necessity stemming from the unprecedented influx of immigrants crossing the border in the five-county region, the majority of which were male, and the limited jail facilities in the region.[8] The court therefore determined that the OLS policy or "mindset" of arresting only men for trespass was "more likely" motivated by the "limited resources" the State had to address the "ongoing emergency" at the border "rather than gender discrimination."[9] Accordingly, the court concluded that Aparicio failed to meet his burden of "demonstrating a *prima facie* case that he [was] arrested and prosecuted *because* of his gender," and as such, he did not meet the "'demanding' standard required for judicial interference in the State's discretion in administering criminal justice policy and priorities (emphasis in original)."[10]

Aparicio thereafter filed a petition for writ of certiorari with the Supreme Court of the United States. After the Supreme Court denied review in *Aparicio*, the Court of Criminal Appeals issued its opinion in Orduna-Arellano's case, in which the court refused review of the State's

---

[6] *Ex parte Aparicio*, 707 S.W.3d 189, 210 (Tex. Crim. App. 2024), *cert. denied sub nom. Aparicio v. Texas*, No. 24-6057, 2025 WL 1787753 (U.S. June 30, 2025).

[7] *Id.* at 208–10.

[8] *Id.* at 209–10.

[9] *Id.* at 210.

[10] *Id.*

petition on the issue of cognizability but granted review on its own motion on the issue of whether Orduna-Arellano "ma[d]e a *prima facie* showing that he was arrested and prosecuted because of his gender."[11] The court then vacated our judgment in Orduna-Arellano's case and remanded his case to this Court for resolution of his appeal from the trial court's denial of his pretrial habeas petition "in light of [its] opinion in *Aparici*o."[12]

## II. DECISION ON REMAND

On remand, the State filed a supplemental brief asserting that Orduna-Arellano's claim for habeas relief was identical to Aparicio's, and that there are no factual distinctions that would warrant a different finding.[13] We agree.[14]

As we recognized in our first opinion in this matter, Orduna-Arellano was arrested for criminal trespass under the same OLS policy that was in effect in the same five-county region in which Aparicio was arrested and detained.[15] And Orduna-Arellano relied on substantially the same evidence and arguments that Aparicio did in attempting to establish that the OLS policy of only arresting males for criminal trespass in that region was motivated by gender discrimination.[16] In fact, Orduna-Arellano relied heavily on the Fourth Court of Appeals' opinion in *Aparicio*, in which the court found that the OLS policy at issue was constitutionally unlawful, in making his claim for relief.[17]

---

[11] *See Ex parte Ramos-Morales, et al.*, Nos. PD-0107-24, PD-0411-24, PD-0412-24 & PD-0413-24, 2024 WL 5074598 (Tex. Crim. App. Dec. 11, 2024) (not designated for publication). The opinion also addressed three other cases in a similar procedural posture that were still pending in our Court at the time.

[12] *Id.*

[13] Orduna-Arellano has not filed a supplemental brief.

[14] Because we agree with the State that Orduna-Arellano did not meet his burden of establishing a *prima facie* case of gender discrimination, we do not address the State's alternative argument that Orduna-Arellano's claim was not cognizable in an application for a pretrial writ of habeas corpus.

[15] *Ex parte Orduna-Arellano,* 2024 WL 150237 at *1, *5–6.

[16] *Id.*

[17] *Id.*

4

Accordingly, because the Court of Criminal Appeals found in Aparicio's case that this same OLS policy or "mindset" was justified in light of the emergency situation at the border, and because there are no facts that would distinguish Orduna-Arellano's situation from Aparicio's, we conclude that, like Aparicio, Orduna-Arellano has failed to establish a *prima facie* case that he was unlawfully arrested and prosecuted with criminal trespass because of his gender. We therefore conclude that the trial court acted properly in denying Orduna-Arellano's application for a pretrial writ of habeas corpus.

## III. CONCLUSION

We affirm the trial court's judgment denying Orduna-Arellano's application for a pretrial writ of habeas corpus, and we remand this matter to the trial court for further proceedings in accordance with our opinion.

LISA J. SOTO, Justice

September 29, 2025

Before Salas Mendoza C.J., Palafox and Soto, JJ.

(Do Not Publish)